# New York Central & Hudson River Railroad Company, Plff. in Err., *v.* E. C. Eby & Company.

If a railroad company accepts a shipment of goods for transportation over its own and connecting lines, and on the arrival of the goods at their destination they are discovered to have been damaged, that fact raises a presumption of negligence on the part of the first railroad company.

In an action for such damage, the defense of the railroad company was that the company had delivered the shipment at the end of its line to the connecting railroad and had the latter's receipt that the shipment was in good condition, coupled with evidence that nothing had occurred to the particular train on their road in which this shipment was carried. There was no proof that the shipment was examined and its actual condition known at the time it was given over to the connecting road. *Held,* that the case was properly submitted to the jury upon all the evidence.

Syrup was shipped at owner's risk of leakage. On arrival at its destination it was discovered that some of the barrel heads were stove in, the staves of others were buckled, and others were hoopless, and 532 gallons of the syrup had wasted. In an action for this loss, there was some evidence that the barrels were not properly constructed. On the other hand it was proved that many shipments had been made from and to the same parties in similar barrels and none were ever damaged. *Held,* that the question whether the loss was or was not a leakage at the owner's risk was properly submitted to the jury.

(Argued January 1, 1888.  Decided February 6, 1888.)

July Term, 1887, No. 181, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.  Error to Common Pleas No. 2 of Philadelphia County to review a judgment entered on a verdict for the plaintiff in an action on the case.   Affirmed.

This was an action brought by E. C. Eby, Charles S. Baker, and J. H. Hade, trading as E. C. Eby & Co., against the New York Central & Hudson River Railroad Company to recover the value of certain syrup which had leaked from the barrels containing it while being carried from Buffalo, New York, to Philadelphia over the line of the defendant company and other lines connected with it.

The facts of the case were as follows:

The plaintiffs were for many years wholesale grocers doing

business in Philadelphia. For ten or fifteen years they had purchased their syrups from the American Grape Sugar Company of Buffalo, New York, and their shipments were always made over the defendant railroad and its connections. All shipments were made in barrels identically constructed, bills of lading prepared and signed in the same way. All arrived safely except the shipment concerning which this suit is brought.

The bill of lading upon which this shipment was made was as follows:

New York Central & Hudson River R. R. Co.

Buffalo Station, July 6, 1882.

Received from American Grape Sugar Company in apparent good order.

All oils, whisky, alcohol, molasses, syrups, and fruits of any description entirely at owner's risk of fire and leakage; all furniture, machinery, sewing machines, implements, stoves and castings, glass and glassware, stone and stoneware, at owner's risk of breakage.

| Articles. | Marked. | Weight. | Charges. |
|---|---|---|---|
| E. C. Eby & Co. | 35 bbls. syrup. | | 31,500. |
| Phila. Penna. f. o. b. 17½c. per cwt. | | | |

E. C. E. & Co.

As described above, contents and value unknown, to be transported by the New York Central & Hudson River Railroad Company to their ware house at Cdg. ready to be delivered to the party entitled to the same; and it is expressly stipulated and agreed that the above property is transported upon the conditions indorsed hereon, which form part of this contract, and of the consideration for carrying the same, and not otherwise, and that the company is not to be held liable for loss on such property or for any damage or injury to the same, or for any delay in the delivery thereof by any other carrier, cartman, or freightman, after the same has been loaded, shipped, or sent from the company's warehouse at aforesaid, the New York Central & Hudson River R. R. Co.                                         J. Ferdinand

P. R. R. 11139.                                                              Agent.

The abbreviation Cdg. meant Canandaigua, the point at which the car left the line of the defendant railroad.

This shipment filled one car. This car was loaded at the

manufactory of the shipper, and the bill of lading for it was, as usual, filled up by one of the shipper's clerks. The car was then taken to the yard of the defendant in Buffalo, its contents compared with the statement upon the bill of lading; the bill of lading then signed by an agent of the company, and the car closed and fastened. It was carried by the defendant over its line to Canandaigua and a receipt taken from the next carrier setting forth that it was in good order.

When the car arrived in Philadelphia it was found that some of the barrel heads were stove in, the staves of others were had wasted. The suit was brought to recover the cost price of this syrup and cooperage.

buckled and others were hoopless; and 532 gallons of the syrup

The defense was: (1) That this was a loss by leakage, which by the bill of lading was an owner's risk; and (2) that the defendant company was a carrier only to Canandaigua, and from thence a forwarder; that the Pennsylvania Railroad Company having receipted for the car at Canandaigua in good condition, defendant's responsibility had ended.

To prove this the defendant called its train hands who testified that nothing had occurred to the particular train in which this car was up to the time that it reached Canandaigua. It did not prove, however, that this car had been examined and its actual condition known when it reached that point. Some evidence was also introduced to prove that the barrels were not properly constructed. They were the same as had been formerly used.

The defendant submitted the following point:

Under all the evidence in this case the verdict must be for the defendant. Refused. 2

The court submitted the case upon all the evidence to the jury. 1

Verdict for plaintiffs, for $382.23, and judgment thereon.

The assignments of error specified: (1) The submission of the case to the jury; and (2) the refusal of the defendant's point.

*John Hampton Barnes* and *Wayne MacVeagh,* for plaintiff in error.—The railroad company was only responsible for loss

on its own line.    American Exp. Co. v. Second Nat. Bank, 69 Pa. 402, 8 Am. Rep. 268; Clyde v. Hubbard, 88 Pa. 358.

The evidence that no accident had occurred to the train rebutted any presumption of negligence of the railroad company. The facts were undisputed, and the question therefore was for the court, not the jury.    Catawissa R. Co. v. Armstrong, 52 Pa. 282; Pennsylvania R. Co. v. Fries, 87 Pa. 234.

Negligence could not reasonably be inferred from the facts, therefore they should not have been submitted to the jury. Adams Exp. Co. v. Sharpless, 77 Pa. 522; Toomey v. London, B. & S. C. R. Co. 3 C. B. N. S. 149; Fouhy v. Pennsylvania R. Co. 1 Sad. Rep. 377.

The burden of proof was on the shipper to show negligence. Farnham v. Camden & A. R. Co. 55 Pa. 53; American Exp. Co. v. Sands, 55 Pa. 140; Forbes v. Dallett, 9 Phila. 515; Grogan v. Adams Exp. Co. 114 Pa. 523, 60 Am. Rep. 360, 7 Atl. 134; The Invincible, 1 Low. Dec. 225, Fed. Cas. No. 7,055; Lamb v. Camden & A. R. & Transp. Co. 46 N. Y. 271, 7 Am. Rep. 327; The Pereire, 8 Ben. 301, Fed. Cas. No. 10,979; Clark v. Barnwell, 12 How. 272, 13 L. ed. 985; 630 Quarter Casks of Sherry Wine, 14 Blatchf. 517, Fed. Cas. No. 12,918.

*William F. Johnson,* for defendants in error.—The evidence was properly submitted to the jury.    The burden of proof was on the railroad company.    American Exp. Co. v. Second Nat. Bank, 69 Pa. 402, 8 Am. Rep. 268.

Per Curiam:

The court below was asked to say to the jury that "under all the evidence of this case, the verdict must be for the defendant." This it refused to do, and properly so; for there was positive evidence of the negligence of the company which could not lawfully be withdrawn from the consideration of the jury.

The judgment is affirmed.